IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CODY MAYNARD,

                Petitioner,                OPINION AND ORDER

    v.

                                            22-cv-369-wmc

R.D. KEYES,

                Respondent.

---

Cody Maynard, a prisoner currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, is petitioning for post-conviction relief under 28 U.S.C. § 2241. Maynard claims is entitled to sufficient sentence credit under the First Step Act ("FSA") to warrant his release within the next month, and he asks that the court excuse his failure to exhaust his administrative remedies and expedite review of this petition (dkt. ##3-4, 8-1). In support, Maynard represents that his projected release date is March 30, 2023, but because he is entitled to at least 160 days of credit under the FSA, he believes he may be entitled to release as early as August 30, 2022. Unfortunately, because Maynard has not shown that he may be excused from the exhaustion requirement, the court will dismiss his petition without prejudice to him renewing it once he has made efforts to meet that requirement.

OPINION

Exhaustion of administrative remedies is a prerequisite to seeking habeas relief in federal court under 28 U.S.C. § 2241. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). A district court *may* excuse exhaustion where: (1) requiring exhaustion of

1

administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.  *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Maynard's request to be excused from the exhaustion requirement falls under the first exception.  Maynard concedes that he has not begun the process of seeking his relief within the channels available to him at the BOP, but he maintains that he has been unable to obtain the proper form for submitting a request for FSA credits to the warden ("BP-9"), or the form for filing an administrative remedy ("BP-10").  In support, Maynard describes just one interaction where a unit manager told him that he had to go get the requested forms.  He also submits email communications in which he raised the substance of his FSA credit request and was told to raise his concern with his unit manager.  Maynard does not state when he attempted to obtain the proper forms, whether the unit manager failed to follow up, or whether he took any follow up steps that have been unsuccessful.  Based on Maynard's description, therefore, it appears that he made just one failed attempt to obtain the forms he needs to seek relief within the BOP, which is not enough to show that officials have unreasonably delayed his efforts to exhaust.

Additionally, Maynard has not shown that he may be prejudiced by any delay by the BOP.  Maynard appears to claim that he is entitled to release as of August 30, 2022, but that would assume that he is entitled to over 200 days of good time credit under the

FSA. However, Maynard does not represent that he is entitled to that much credit, and it does not appear the BOP has actually calculated the good time credits he has earned under the FSA. Maynard estimates that he may be entitled to between 160 and 180 days, but before the court can consider excusing Maynard from the exhaustion requirement, he needs to make *some* showing that he is entitled to enough good time credit to justify allowing him to side-step the BOP's review of his request for FSA credits. Because he has not made that showing, the court must dismiss his petition. The dismissal will be without prejudice to Maynard's ability to renew the petition once he has followed the BOP's exhaustion procedures to be best of his ability.

ORDER

IT IS ORDERED that:

1) Cody Maynard's motions to proceed without exhausting administrative remedy and to expedite (dkt. ##3, 4) are DENIED.

2) Maynard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice.

3) The clerk of court is directed to close this case.

Entered this 1st day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge