IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CODY MAYNARD,

                Petitioner,                OPINION AND ORDER

    v.

                                                 22-cv-369-wmc

R.D. KEYES,

                Respondent.

---

Cody Maynard, a prisoner currently incarcerated by the Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin, is petitioning for post-conviction relief under 28 U.S.C. § 2241. Specifically, Maynard asserts that he is entitled to sufficient sentence credit under the First Step Act ("FSA") to warrant immediate release to home confinement. Thus, he asks that the court direct the BOP to recalculate his recidivism risk score and his FSA credits. Among other reasons, respondent opposes the petition on the grounds that Maynard should not be excused from the exhaustion requirement, and Maynard concedes that he filed his petition without asking the BOP for this relief. However, he asks that the court excuse his failure to exhaust his administrative remedies and expedite review of this petition because he could not obtain the form he needed to follow the BOP's exhaustion procedures.[1] Because Maynard cannot be excused from the exhaustion requirement in these circumstances, the court will dismiss this petition without prejudice.

---

1 Maynard also filed a motion to supplement his reply in support of his petition (dkt. #28), which the court grants.

OPINION

Exhaustion of administrative remedies is a prerequisite to seeking habeas relief in federal court under 28 U.S.C. § 2241. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The exhaustion requirement "allow[s] agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors." *Sanchez v. Miller*, 792 F.2d 694, 698 (7th Cir. 1986) (citation omitted). Nevertheless, a district court *may* excuse exhaustion where: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Maynard argues that following the BOP's exhaustion procedures would be futile because the BOP has predetermined that he is not eligible for application of his FSA credits. The general belief that the administrative process would not succeed is not an excuse to not take that step. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try.").

Maynard has also not shown that the BOP has predetermined the outcome of the issues he is asking the court to address. Maynard is not just asking for application of his FSA credits; he also wants the court to order the BOP to recalculate his PATTERN score and FSA credits. The BOP generally takes the position inmates are not entitled to relief

2

with a high PATTERN score. Yet Maynard has neither shown that the BOP will not honor his request to have his PATTERN score recalculated, nor that all the relief that he is requesting will be denied because of bias by the BOP or because the BOP has predetermined the outcome.

Here, given the BOP's expertise in calculating FSA credits and determining prisoner eligibility, "circumvention of the administrative process [would] diminish[] the effectiveness of the agency by encouraging prisoners to ignore its procedures." *Sanchez*, 792 F.2d at 699 (citations omitted). Although respondent has addressed the merits of Maynard's requests, the court declines to address them and instead dismisses Maynard's petition without prejudice. Maynard may renew his motion once the BOP has addressed each of his requests in his petition and he has completed the BOP's exhaustion procedures.

ORDER

IT IS ORDERED that:

1) Petitioner Cody Maynard's motion to supplement (dkt. #28) is GRANTED.

2) Maynard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for failure to exhaust his administrative remedies.

3) The clerk of court is directed to close this case.

Entered this 3rd day of October, 2022.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge